Francis J. "Casey" Flynn, Jr.
Law Office of Francis J. "Casey" Flynn, Jr.
CA State Bar No. 304712
6220 W 3rd St # 115
Los Angeles, CA 90036
Telephone: (323) 424-4194
Email: francisflynn@gmail.com

**ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE PEREZ-KRUEGER, **individually and on behalf of all others similarly situated,**<br><br>**PLAINTIFF**<br><br>**v.**<br><br>**EQUIFAX, INC.**<br><br>**DEFENDANT** | CASE NO. __2:18-cv-1402__<br><br>**CLASS ACTION COMPLAINT**<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR**<br><br>(1) **VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17600, *ET SEQ.***<br>(2) **VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.***<br>(3) **VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750, *ET SEQ.***<br>(4) **FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *ET SEQ.***<br>(5) **MONEY HAD AND RECEIVED**<br><br>**JURY TRIAL DEMANDED** |

- 1 -     PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Nicole Perez-Krueger ("Plaintiff"), individually and on behalf of all other similarly situated, by and through their undersigned counsel, brings this action against Equifax, Inc. (hereinafter "Equifax" or "Defendant"), alleging, upon personal knowledge as to Plaintiff's individual actions and upon information and belief and/or counsel's investigations as to all other matters, the following:

## INTRODUCTION

1.    Plaintiff brings this class action on behalf of all similarly situated individuals to stop Defendant Equifax's unlawful and unfair practices related to auto-renewing consumers' subscription to its Equifax Complete Advantage Service. Defendant auto-renews consumer subscriptions without consumers' affirmative consent in that Equifax does not disclose the terms of how to cancel in a "clear and conspicuous manner." Furthermore, unbeknownst to consumers, in cases where consumers cancel their credit/debit cards or their credit/debit cards expire, Defendant is able to obtain new credit/debit card information from the credit/debit card companies and continue to charge autorenewal fees without consumers' consent.

2.    To the extent there is any contractual or other impediment to pursuit of these claims on a class action basis, Plaintiff specifically alleges, and will prove, if necessary, that any bar to class action proceedings is unconscionable, unfair, against public policy, and unenforceable.

## <u>PARTIES</u>

3.     Plaintiff Nicole Perez-Krueger ("Perez") is a citizen of the State of California, residing in Los Angeles, California. Plaintiff purchased Equifax Complete Advantage for a price of $14.95.   Plaintiff tried to cancel Equifax Complete Advantage by Defendant and Defendant would not cancel it for her.  Left without any options, Plaintiff cancelled her credit card to prevent Defendant from continuing to charge her card. Although Plaintiff at no time updated her credit card information with Equifax, to her amazement, Defendant charged Plaintiff's new credit card without her consent for the auto-renew subscription.

4.     Defendant Equifax, Inc. is a Delaware corporation with its principal place of business located at 1550 Peachtree Street NE Atlanta, Georgia 30309.

5.     Plaintiff brings this action on behalf of herself, on behalf of the general public as a Private Attorney General pursuant to California Code of Civil Procedure § 1021.5 and on behalf of a class of similarly situated persons pursuant to Code of Civil Procedure § 382 and Civil Code § 1781.

## <u>JURISDICTION AND VENUE</u>

6.     This action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d)(2) because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000.00, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different States.

PLAINTIFF'S CLASS ACTION COMPLAINT

7.    This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.  Specifically, Defendant maintains offices and agents in the Central District of California, as part of its usual and customary business.

8.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 (a)(2) and (a)(3) because this action is brought in the Central District of California, the district in which the county where the transaction or any substantial portion thereof occurred is located (Plaintiff purchased the Equifax Complete Advantage in Los Angeles, California in the county of Los Angeles) and the county where Defendant does business (Equifax, Inc. has an office in Moor Park, California in the county of Ventura, California).

9.    Plaintiff purchased the Equifax Complete Advantage Plan in Los Angeles, California, which is located in the Central District.

## FACTUAL ALLEGATIONS

10.    As referenced above, Defendant Equifax markets and sells the Equifax Complete Advantage.

11.    Plaintiff purchased Equifax Complete Advantage with the understanding that Plaintiff could cancel at any time.

12.    Plaintiff attempted to cancel Equifax Complete Advantage online, but was unable to do so.

13.    As a result, Plaintiff called to cancel Equifax Complete Advantage.

PLAINTIFF'S CLASS ACTION COMPLAINT

14.    Equifax would not cancel Plaintiff from the program and continued to charge Plaintiff's credit card.

15.    To stop Equifax from continuing to charge Plaintiff's credit card, Plaintiff cancelled Plaintiff's credit card and had a new card reissued.

16.    Plaintiff did not provide Equifax with the new credit card information as Plaintiff no longer wanted Equifax Complete Advantage as set forth above.

17.    To Plaintiff's amazement, Plaintiff saw that Equifax had auto renewed her account for its Equifax Complete Advantage with her new credit card information, which she had never provided to Defendant.

18.    On information and belief, Defendant charges its customers for the Equifax Complete Advantage auto renewal program even after a customer attempts to cancel the service.

19.    Furthermore, Defendant deceptively and unfairly obtains, without the permission of Plaintiff and the Class, Plaintiff's and the Class' new credit/debit card information from third party companies, and then unfairly, deceptively, and/or unlawfully uses this credit/debit card information to update Plaintiff's and the Class' information in its Equifax Complete Advantage program. Defendant then charges Plaintiff's and the Class' new credit cards/debit cards in renewing Plaintiff's and the Class' Equifax Complete Advantage, without ever receiving consent from Plaintiff or the Class: (1) to use this confidential credit/debit card information; and (2) to renew their subscription to Equifax Complete Advantage.

PLAINTIFF'S CLASS ACTION
COMPLAINT

20.    At no time did Plaintiff provide updated payment card information to Defendant, and at no time did Plaintiff or the Class authorize third party companies to provide updated payment card information to Defendant, and at no time did Plaintiff or Class authorize Defendant to receive updated payment card information from third-party companies.

21.    California Business & Professions Code § 17600 declares that: "It is the intent of the Legislature to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts **without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service**" (emphasis added).

22.    Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(1)    Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner **before the subscription or purchasing agreement is fulfilled and in visual proximity** . . . to the request or consent to the offer.

(2)    Charge the consumer's credit or debit card or . . . for an automatic renewal or continuous service **without first obtaining the consumer's affirmative consent** to the agreement containing the automatic renewal offer terms or continuous service offer terms.

(3)    Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to

PLAINTIFF'S CLASS ACTION COMPLAINT

cancel in a manner that is capable of being retained by the consumer.

*Id*. (Emphases added).

Cal. Bus. & Prof. Code § 17602(b) provides:

(b) A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a).

23.    Cal. Bus. & Prof. Code § 17601(a) defines the term "automatic renewal" as a plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term.

24.    Section 17601(c) defines "clear and conspicuous" or "clearly and conspicuously," stating that:

"Clear and conspicuous" or "clearly and conspicuously" means in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language.

Cal. Bus. & Prof. Code § 17601(c).

25.    Section 17601(b)(1)-(5) further defines the exact terms that must be disclosed clearly and conspicuously under § 17602(a)(1):

"Automatic renewal offer terms" means the following clear and conspicuous disclosures:

PLAINTIFF'S CLASS ACTION COMPLAINT

(1) That the subscription or purchasing agreement will continue
until the consumer cancels.

(2) The description of the cancellation policy that applies to the
offer.

**(3) The recurring charges that will be charged to the
consumer's credit or debit card or payment account** with
a third party as part of the automatic renewal plan or
arrangement, **and that the amount of the charge may
change, if that is the case, and the amount to which the
charge will change, if known.**

(4) The length of the automatic renewal term or that the service
is continuous, unless the length of the term is chosen by the
consumer.

(5) The minimum purchase obligation, if any.

Cal. Bus. & Prof. Code § 17601(b)(1)-(5) (emphasis added).

26.    Section 17603 further provides that:

In any case in which a business sends any goods, wares,
merchandise, or products to a consumer, under a continuous
service agreement or automatic renewal of a purchase, **without
first obtaining the consumer's affirmative consent as
described in Section 17602**, the goods, wares, merchandise, or
products shall for all purposes be deemed an unconditional gift
to the consumer, who may use or dispose of the same in any
manner he or she sees fit without any obligation whatsoever on
the consumer's part to the business, including, but not limited to,
bearing the cost of, or responsibility for, shipping any goods,
wares, merchandise, or products to the business.

Cal. Bus. & Prof. Code § 17603 (emphasis added).

**Defendant Does Not Provide Clear and Conspicuous Disclosures for Its Auto
Renewal Program as Required by Cal. Bus. & Prof. Code § 17602(a)(1)**

27.    Defendant failed to inform Plaintiff and the Class in clear and

PLAINTIFF'S CLASS ACTION
COMPLAINT

conspicuous language, i.e., "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language" that: (1) adequately describes the cancellation policy that applies to the offer; and/or (2) the recurring charges that can be charged to consumer's credit or debit card or payment account that are not disclosed to Defendant by Plaintiff.

### Defendant Fails to Obtain Affirmative Consent to the Agreement Containing the Automatic Renewal Offer Terms

28.     Plaintiff and the Classes enrolled in the Equifax Complete Advantage.

29.     Defendant charged Plaintiff and the Class "without first obtaining Plaintiff's and the Class' affirmative consent" to the agreement containing "the automatic renewal offer terms or continuous service offer terms," with the necessary clear and conspicuous disclosures of terms, such as cancellation terms and payment card information terms.

30.     Plaintiff and the Class did not give their affirmative consent, within the meaning of Cal. Bus. & Prof. Code §17602(a)(1), to an agreement containing "the automatic renewal offer terms," with the necessary clear and conspicuous disclosures of terms, such as cancellation terms and the terms relating to Defendant's practice of obtaining new payment card information from sources other than Plaintiff and charging the program fees to payment cards not disclosed

by Plaintiff.

31. Despite receiving notice from Plaintiff to cancel Plaintiff from Equifax Complete Advantage, Defendant did not stop charging Plaintiff's credit card for the auto renewal product. The same thing happened to the Failure to Cancel Class members.

32. Once Plaintiff cancelled her payment card to stop payments and despite never receiving an affirmative consent from Plaintiff to charge the new payment card, and without Plaintiff authorizing such charges to the new payment card, Defendant charged Plaintiff for the renewal of Defendant's Equifax Complete Advantage. The same thing happened to the Charged Undisclosed Credit Card Class members.

33. As such, by obtaining new debit card and credit card information for those customers whose cards expired or replaced, Defendant charged Plaintiff and the Class "without first obtaining Plaintiff's and the Class' affirmative consent" to the agreement containing "the automatic renewal offer terms or continuous service offer terms," with the necessary clear and conspicuous disclosures of terms.

34. As a result of the foregoing, and in addition to violating other laws, as described below, Defendant violated Cal. Bus. & Prof. Code § 17602(a)(2), and as such, all goods, wares, merchandise, or products, sent to Plaintiff and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and

PLAINTIFF'S CLASS ACTION
COMPLAINT

Plaintiff and the Class may use or dispose of the same in any manner they see fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, "or responsibility for, shipping any goods, wares, merchandise, or products to the business."

## CLASS ACTION ALLEGATIONS

35.     This action may be brought and properly maintained as a class action pursuant to the provisions of Rule 23(a), (b)(2), (b)(3), and (c)(4) of the Federal Rules of Civil Procedure.

36.     The classes ("Classes") are defined as follows:

(1) All California persons who purchased Equifax Complete Advantage and were subsequently charged for the renewal of this product. ("Autorenewal Class")

(2) All California persons who were charged for the renewal of the Equifax Complete Advantage after requesting cancellation. ("Failure to Cancel Class")

(3) All California persons who never provided current credit/debit card information to Equifax, but were subsequently charged by Defendant for the renewal of Equifax Complete Advantage. ("Charging Undisclosed Credit Card Class.")

37.     Excluded from the Class is (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or Defendant's parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) Any governmental entities and any

PLAINTIFF'S CLASS ACTION COMPLAINT

instrumentalities, subdivisions, agencies thereof; (4) any person who executes and files a timely request for exclusion from the Class; (5) any person who has had their claims in this matter finally adjudicated and/or otherwise released; (6) the legal representatives, successors and assigns of any such excluded person; (7) Counsel of record.

38.   **Ascertainable Classes:** The Classes are ascertainable in that each member can be identified using information contained in Defendant's records and through the use of electronic payment processing systems, credit cards, bank statements, paper receipts, the Products itself, and other sources.

39.   **Numerosity.  Fed. R. Civ. P. 23(a)(1).**  The members of the Class are so numerous that joinder of all members would be impracticable.   The Class consists of thousands of members and the identity of those persons is within the knowledge of and can be ascertained by resorting to Defendant's records.

40.   **Commonality and Predominance.   Fed. R. Civ. P. 23(a)(2) and (b)(3).**   There are questions of law and fact common to the Class which predominate over any individual issues.   Among the questions of law and fact common to the Class are, without limitation:

(a)   Whether Defendant charged Plaintiff and Class Members' terms in violation of Cal. Bus. & Prof. Code § 17602(a)(1);

(b)   Whether Defendant charged Plaintiff and Class Members' terms in violation of Cal. Bus. & Prof. Code § 17602(a)(2);

(c)    Whether Defendant's Agreement contained the automatic renewal offer terms and/or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601;

(d)    Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity in violation of Cal. Bus. & Prof. Code § l7602(a)(1);

(e)    Whether Cal. Bus. & Prof. Code § 17603 provides for restitution for money paid by Class Members in circumstances where the goods and services provided by Defendant are deemed an unconditional gift;

(f)    Whether Defendant violated the CLRA, Cal. Civ. Code § 1750, *et seq*.;

(g)    Whether Defendant violated Cal. Civ. Code § 1770(a)(14), by representing that it had rights and remedies that it did not have, specifically that it had the right to charge Plaintiff and the Class after Plaintiff and the Class attempted to cancel;

(h)    Whether Defendant violated Cal. Civ. Code § 1770(a)(4) by using deceptive representations in connection with goods or services by not informing Plaintiff and the Class how to cancel and/or that it would not cancel even if requested;

(i)    Whether Defendant violated the UCL, Cal. Bus. & Prof. Code § 17200, *et seq*.;

PLAINTIFF'S CLASS ACTION COMPLAINT

(j)     Whether Plaintiff and Class Members are entitled to restitution under Cal. Bus. & Prof. Code. §§ 17200-17203;

(k)     Whether Plaintiff and Class Members are entitled to injunctive relief, attorneys fees' and costs under Cal. Civ. Code § 1780; and

(l)     The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

41.     **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct.

42.     **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff will fairly and adequately represent and protect the interests of the Classes in that they have no disabling conflicts of interest that would be antagonistic to those of the other members of the Classes. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of all other Class members.

43.     Plaintiff has retained competent counsel, experienced in class action litigation and consumer protection law.

44.     **Superiority. Fed. R. Civ. P. 23(b)(3).** In accordance with Fed. R. Civ. P. 23(b), *et seq*, the class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged

herein; it will permit a large number of individual citizens of the United States to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would require. The exact number of United States consumers who purchased the Products can be obtained through discovery and from Defendant's business records; Class action treatment also will permit the adjudication of relatively small claims by certain class members, who could not individually afford to litigate a complex claim against a large corporate defendant. Further, even for those class members who could afford to litigate such a claim, it would still be economically impractical, as the cost of litigation is almost certain to exceed any recovery they would obtain.

45.    The nature of this action and the nature of laws available to Plaintiff and the Classes make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Classes for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class member with vastly superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Classes and will establish the right of each member of the Classes to recover on the cause of action alleged; and individual

PLAINTIFF'S CLASS ACTION COMPLAINT

actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

46.     **Injunctive and Declaratory Relief. Fed. R. Civ. P. 23(b)(2).** Defendant's practices as described here are uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

<u>**CAUSES OF ACTION**</u>

**COUNT I**
**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17600, *ET SEQ.***
**(ON BEHALF OF THE CLASSES)**

47.     Plaintiff hereby incorporates all paragraphs of Plaintiff's Class Action Complaint against Defendant as if fully set forth herein.   California Business & Professions Code § 17600 declares that: "It is the intent of the Legislature to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service" (emphasis added).

48.     To effectuate that goal, § 17602(a) states:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> [...]
>
> (1)     Fail to present the automatic renewal offer terms or

continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity . . . to the request or consent to the offer.

(2)    Charge the consumer's credit or debit card or . . . for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

(3)    Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.

(b) A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a).

(c) In the case of a material change in the terms of the automatic renewal or continuous service offer that has been accepted by a consumer in this state, the business shall provide the consumer with a clear and conspicuous notice of the material change and provide information regarding how to cancel in a manner that is capable of being retained by the consumer.

Cal. Bus. & Prof. Code § 17602 (emphasis added).

49.    Defendant charged Plaintiff and Class Members for the automatic renewal of Defendant's product without first "clearly and conspicuously" disclosing the terms related to: (a) cancellation; and (b) charging credit cards not disclosed to Defendant.  Also, Defendant failed to

obtain Plaintiff and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms, with the necessary clear and conspicuous disclosures of terms, such as cancellation terms and terms relating to charging credit cards not disclosed to Defendant.

50.    As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(1)-(2), Defendant is liable to provide restitution to Plaintiff and Class Members under Cal. Bus. & Prof. Code § 17603 in the amount equaling the total amounts charged to all Class Members for auto-renewed services.

### COUNT II
### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.* (ON BEHALF OF THE CLASSES)

51.    Plaintiff hereby incorporates all paragraphs of Plaintiff's Class Action Complaint against Defendant as if fully set forth herein.

52.    Cal. Bus. & Prof. Code § 17200, et seq. (the "UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Cal. Bus. & Prof. § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

53.    Defendant's acts and practices, described herein, constitute unlawful,

PLAINTIFF'S CLASS ACTION COMPLAINT

unfair, and/or fraudulent business practices in violation of the Unfair Competition

Law, Business & Professions Code sections 17200 *et seq.* ("UCL").

54.    Specifically, Defendant has violated the UCL by engaging in the

following unlawful, unfair, and/or fraudulent business practices:

a.    Making material omissions and misrepresentations regarding the

automatic renewal nature of the Products, as discussed in the preceding paragraphs;

b.    Violating the California Legal Remedies Act, California Civil Code §

1750, *et seq.* (the "CLRA");

c.    Violating the California Business & Professions Code § 17500, *et seq.*

d.    Violating California Business & Professions Code § 17600, *et seq.*;

and/or

e.    Violating Section 5 of the FTC.

55.    Defendant's omissions and misrepresentations were material in that

Plaintiff would not have purchased the Equifax Complete Advantage had Plaintiff

known Plaintiff was going to be automatically renewed.

56.    Defendant's material omissions and misrepresentations were made

with the actual knowledge of Defendant.

57.    Defendant intended for Plaintiff to rely upon the material omissions

and misrepresentations to induce them to purchase the Products.

58.    As a direct and proximate result of Defendant's unlawful, unfair,

and/or fraudulent acts and practices described herein, Defendant has received, and

PLAINTIFF'S CLASS ACTION
COMPLAINT

continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of monies paid to Defendant by Plaintiff and Class Members for the auto renewal of Equifax's Equifax Complete Advantage.

59.    Plaintiff and Class are entitled to restitution pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17208 for all monies paid by Class Members for the auto renewal of Equifax Complete Advantage, as described more fully herein, at rates specified by law. Defendant should also be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, whom they were unlawfully taken, as Defendant never received the affirmative consent from Plaintiff and the Class for the auto renewal of Defendant's Equifax Complete Advantage.

60.    Pursuant to Cal. Bus. & Prof. Code § 17204, Plaintiff seeks an order of this Court enjoining Defendant, from continuing the auto renewal practices described herein as these practices constitute violations of the UCL. The general public will be irreparably harmed if such an order is not granted.

61.    The utility of Defendant's conduct is significantly outweighed by the gravity of the harm they impose on Plaintiff and the Class. Defendant's acts and practices are oppressive, unscrupulous, or substantially injurious to consumers.

62.    The above-described unfair, unlawful, and/or fraudulent business practices conducted by Defendant present a threat and likelihood of harm to members of the Class in that Defendant has systematically perpetrated and continue

to perpetrate the unfair, unlawful, and/or fraudulent conduct upon members of the public by engaging in the conduct described herein.

63.    Pursuant to Business and Professions Code §§ 17200 and 17203, Plaintiff, on behalf of herself and the Class, seeks an order of this Court: enjoining Defendant from continuing to engage in the deceptive practices contained herein. Plaintiff further requests an order awarding Plaintiff and the Class restitution and disgorgement of profits acquired by Defendant by means of such unfair, unlawful, and/or fraudulent acts and/or practices, so as to deter Defendant and to rectify Defendant's unfair, unlawful, and/or fraudulent practices and to restore any and all monies to Plaintiff and the Class, which are still retained by Defendant, plus interest and attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

64.    This Court may award attorney's fees to Plaintiff and the Class. Defendant's conduct, as set forth above, is likely to deceive members of the public and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

65.    To the extent that the conduct as set forth above is ongoing and continues to this date, Plaintiff, the Class members, and the general public are, therefore, entitled to the relief described herein.

66.    Defendant, through their deceptive trade practices as described herein, have obtained money from Plaintiff and members of the Class. Plaintiff, in fact,

PLAINTIFF'S CLASS ACTION COMPLAINT

has been injured by Defendant's conduct, as have members of the Class.

67.     Plaintiff, individually and as a member of the Class, has no adequate remedy at law for the future unlawful acts, methods, or practices as set forth above.

68.     As such, Plaintiff seeks injunctive relief to enjoin the practices described herein.

69.     In bringing this action, Plaintiff has engaged the services of attorneys and has incurred reasonable legal expenses in an amount to be proved at trial.

## COUNT III
## VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750, ET SEQ.
## (ON BEHALF OF THE CLASSES)

70.     Plaintiff hereby incorporates all paragraphs (except those relating to damages) of Plaintiff's Class Action Complaint against Defendant as if fully set forth herein.

71.     This cause of action is brought pursuant to Civil Code § 1750, *et seq*., the Consumers Legal Remedies Act ("CLRA"), on behalf of a Class as defined herein.

72.     Defendant is a "person" within the meaning of Cal. Civ. Code sections 1761(c) and 1770.

73.     Plaintiff and members of the proposed class are "consumers" within the meaning of Cal Civ. Code §§ 1761(d) and 1770.

74.     Defendant's Products are "goods" or "services" as defined by Cal. Civ. Code § 1761(a).

PLAINTIFF'S CLASS ACTION COMPLAINT

75. Defendant violated the CLRA in at least the following respects:

(a) in violation of § 1770(a)(4), Defendant used deceptive representations in connection with goods or services by not disclosing the material terms to Plaintiff and the Class that it would continue to charge after Plaintiff gave notice Plaintiff wanted to cancel the service and that it would charge other payment cards not disclosed to Defendant if Plaintiff and the Class cancelled their payment card on file to stop the charges and, therefore, did not receive the required affirmative consent necessary to enroll Plaintiff and the Class into an automatic renewal program;

(b) in violation of § 1770(a)(5), Equifax Complete Advantage did not have "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities" in that and that Defendant would continue to charge cards even though Plaintiff asked for Equifax Complete Advantage to be cancelled and that Defendant would even charge cards not previously disclosed to Defendant;

(d) in violation of § 1770(a)(9), Defendant advertised goods or services with intent not to sell them as advertised by advertising Equifax Complete Advantage as something that could be cancelled upon request and Equifax Complete Advantage was not cancelled when requested. Additionally, Defendant violated this provision by charging a payment card different than the one provided to Defendant by Plaintiff;

(e) in violation of § 1770(a)(14) by representing that a transaction

confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, specifically that it had the right to charge Plaintiff and the Class without first obtaining Plaintiff and Class Members' affirmative consent for the auto renewal of Defendant's Equifax Complete Advantage, and through other conduct described herein.

(f) in violation of § 1770(a)(14), Defendant represented a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law, specifically that it had the right to access consumers' confidential credit or debit card information in order to update and charge the auto renew fees to their accounts;

(g) in violation of § 1770(a)(16), by representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, namely the product was provided as an auto renewal Product that could be cancelled upon request and Defendant did not supply Equifax Complete Advantage as represented;

(h)     in violation of § 1770(a)(16), by representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, namely the product was provided as an auto renewal Product that would be autorenewed on a payment card disclosed to Defendant by Plaintiff and Defendant did not supply Equifax Complete Advantage as represented by charging payment cards not disclosed to Defendant by Plaintiff;

PLAINTIFF'S CLASS ACTION COMPLAINT

(i) in violation of § 1770(a)(19) by inserting an unconscionable provision in the contract.

(j) for other such violations of the CLRA that discovery will uncover.

76. Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights and Defendant was wanton and malicious in its concealment of the same.

77. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations and material omissions on the packaging of Products and for the advertisement of these Products.

78. Defendant's unfair or unlawful acts, practices, representations, omissions, and courses of conduct, as described herein, were undertaken by Defendant in a transaction intended to result in, and which did result in, the sale or lease of goods or services to consumers.

79. As a direct and proximate result of Defendant's violations of law, Plaintiff has been injured.

80. Plaintiff is concurrently serving each Defendant with a CLRA notification and demand letter via certified mail, return receipt requested. See, Exhibit A - CLRA Letter.

81. The notice letter sets forth the relevant facts, notifies each Defendant of its CLRA violations, and requests that each Defendant promptly remedy those violations.

PLAINTIFF'S CLASS ACTION COMPLAINT

82.    Under the CLRA, a plaintiff may without prior notification file a complaint alleging violations of the CLRA that seeks injunctive relief only. Then, if the Defendant does not remedy the CLRA violations within 30 days of notification, the plaintiff may amend her or his CLRA causes of action without leave of court to add claims for damages. Plaintiff, individually and on behalf of the class, will amend this complaint to add damages claims if Defendant do not remedy their violations as to Plaintiff and the Class Members within the statutory period.

83.    Under the CLRA, Plaintiff is entitled to a permanent injunction prohibiting practices that violate the CLRA.

84.    Defendant's practices, acts and courses of conduct in connection with the sale of its Products, as described above, are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment. As a result of Defendant's acts and practices as alleged in this Complaint, Plaintiff and the Class are entitled to injunctive relief prohibiting Defendant from continuing in the future the unlawful, unfair or fraudulent practice as described herein and all relief allowed for violation of the CLRA.

85.    Plaintiff and the Class reasonably believed and/or depended on the material false and/or misleading information provided by, or omitted by, Defendant with respect to Defendant's unfair acts and deceptive practices.

86.    By reason of the foregoing, Defendant's unlawful methods, acts, or practices as described herein has caused damage to Plaintiff and the Class

Members, entitling them to injunctive relief.

87.     Pursuant to Cal. Civ. Code § 1782(a)(2), Plaintiff, on behalf of Plaintiff's self and the Class, demand judgment against Defendant under the CLRA for injunctive and equitable relief only to enjoin the practices described herein.

88.     Plaintiff, individually and as a member of the Class, has no adequate remedy at law for the future unlawful acts, methods, or practices as set forth above.

89.     Pursuant to § 1780(d) of the CLRA, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

90.     In bringing this action, Plaintiff has engaged the services of attorneys and has incurred reasonable legal expenses in an amount to be proved at trial.

91.     Plaintiff is also entitled to recover their attorneys' fees, costs, and expenses.

<u>COUNT IV</u>
**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF**
**BUSINESS & PROFESSIONS CODE § 17500, *et seq*.**
**(ON BEHALF OF THE CLASSES)**

92.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein.

93.     This cause of action is brought pursuant to Business and Professions Code § 17500, *et seq*., on behalf of a Class consisting of all persons who purchased the Products in the United States for personal use

94.     In their advertising of the Product, Defendant made false and misleading statements regarding the benefits and the efficacy of the Product, as

discussed in the preceding paragraphs.

95.    Defendant's advertising claims about the Products, as alleged in the preceding paragraphs, are false, misleading, unsubstantiated and unreasonable. In addition, Defendant deliberately omitted material facts regarding the ability to cancel enrollment in the Equifax Complete Advantage program, knowing that Plaintiff and other consumers would purchase Equifax Complete Advantage in reliance upon the previously described misrepresentations.

96.    Defendant is aware that the claims that they make about Equifax Complete Advantage are false, misleading, unsubstantiated, and unreasonable. Defendant is also aware of the difficulty in cancelling Equifax Complete Advantage and that Defendant will locate and charge payment cards not disclosed to Defendant by Plaintiff.

97.    Plaintiff and other consumers were entitled to disclosure of these material terms, the inability to cancel and Defendant's charging of cards not disclosed to Defendant by Plaintiff would be material facts in a consumer's decision to purchase the Equifax Complete Advantage and Defendant's disclosure is the only way consumers could have learned of these terms.

98.    As alleged in the preceding paragraphs, the misrepresentations and omissions by Defendant of the material facts detailed above constitutes false advertising within the meaning of California Business & Professions Code § 17500.

99.    In addition, Defendant's use of various forms of advertising media to

PLAINTIFF'S CLASS ACTION COMPLAINT

advertise, call attention to or give publicity to the sale of goods or merchandise that are not as represented constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

100. Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their practice of advertising the sale and use of the Products.

101. Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to disclose the material terms of Equifax Complete Advantage as described herein, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations and defects in an amount to be determined at trial.

102. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's omissions and false representations. Indeed, Plaintiff purchased Equifax Complete Advantage in reliance on Defendant's claims the Plaintiff could cancel Equifax Complete Advantage at will and that Defendant would stop charging Plaintiff's payment card and that Defendant would only charge

Plaintiff's payment card that Plaintiff discloses. Plaintiff would not have purchased Equifax Complete Advantage if Plaintiff had known that the advertising as described herein was false.

### COUNT V
### MONEY HAD AND RECEIVED
### (ON BEHALF OF THE CLASSES)

103. Plaintiff incorporates by reference and re-alleges all preceding substantive allegations as if fully set forth herein.

104. Defendant received money from Plaintiff and the Class.

105. The monies belong to Plaintiff and Class Members.

106. Defendant has not returned the money.

### PRAYER FOR RELIEF

WHEREFORE, expressly disclaiming any and all damages pursuant to Cal. Civ. Code. 1750 *et seq*., Plaintiff, on behalf of Plaintiff and the members of the Proposed Classes, demand judgment as follows:

A. For an order certifying the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff and his counsel to represent the proposed class, appointing counsel for Plaintiff as lead counsel for the respective class;

B. An order awarding declaratory relief and temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C. Appropriate injunctive relief;

D. Expressly disclaiming any and all damages pursuant to Cal. Civ. Code. 1750 *et seq*., that the Court enter judgment against Defendant for restitution,

PLAINTIFF'S CLASS ACTION COMPLAINT

disgorgement, punitive damages, statutory damages, treble damages, and exemplary damages under applicable law, and compensatory damages for economic loss, diminished value, and out-of-pocket costs in an amount to be determined at trial;

E.     A declaration that Defendant is financially responsible for all Class notice and the administration of Class relief;

F.     An order awarding any applicable statutory and civil penalties;

G.     An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

H.     An award of costs, expenses, and attorneys' fees as permitted by law; and

I.     Such other or further relief as the Court may deem appropriate, just, and proper under the circumstances.

## JURY DEMAND

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: February 20, 2018     By:    /s/ Francis J. "Casey" Flynn, Jr.
                                        Francis J. "Casey" Flynn, Jr.
                                        CA State Bar No. 304712
                                        6220 W 3rd St # 415
                                        Los Angeles, CA 90036
                                        Telephone: 314-662-2836
                                        Email: francisflynn@gmail.com

                                        James Rosemergy
                                        (seeking admission Pro Hac Vice)
                                        Carey & Danis, LLC
                                        8235 Forsyth Boulevard, Suite 1100
                                        Saint Louis, Missouri  63015-1643
                                        Email: jrosemergy@careydanis.com

                                        **ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**